UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | Criminal Case No. 13-155 (RJL) |
| ROGER REDRICK | ) ) ) ) | |

### MEMORANDUM OPINION
(March 12, 2024) [Dkt. ##49, 67]

On March 18, 2014, Roger Redrick pleaded guilty to violating 18 U.S.C. § 922(g), which prohibits certain categories of persons, including convicted felons, from knowingly possessing firearms. *See* Mar. 18, 2014 Minute Entry; Plea Agreement [Dkt. # 20]. Later, on June 21, 2019, the Supreme Court held that prosecutions under § 922(g) require proof that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Redrick thereafter filed a motion to vacate his judgment of conviction, pursuant to 28 U.S.C. § 2255, arguing that his § 922(g) conviction was constitutionally defective because he was not advised of this knowledge-of-status requirement. *See* Mot. to Vacate J. Under 28 U.S.C. § 2255 [Dkt. #49] ("Mot. to Vacate"). While the § 2255 motion was pending, the Supreme Court decided *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and Redrick now seeks to supplement his original motion with an argument that § 922(g)(1) is unconstitutional as applied to him in light of *Bruen*. *See* Mot. to Suppl.

1

Current Mot. to Vacate J. [Dkt. #67] ("Mot. to Suppl."). However, Redrick procedurally defaulted his *Rehaif* argument by failing to raise it on direct review, and his motion to supplement is untimely because he seeks to raise a new theory of relief after the one-year statute of limitations period for his § 2255 motion has expired. *See* 28 U.S.C. § 2255(f). The Court will therefore deny both motions.

I.   **BACKGROUND**

   a. Prior Convictions

Between 1985 and 1992, Redrick was convicted of multiple felonies in Washington, D.C. and Maryland. Specifically, Redrick was convicted of Armed Robbery in D.C. Superior Court in 1985 and later sentenced to three and a half to eleven years of incarceration. *See* Presentence Investigation Rep. [Dkt. #25] at 9–10. In April 1987, Redrick was convicted of Robbery with a Deadly Weapon in Prince George's County Circuit Court and sentenced to ten years of incarceration. *Id.* at 13. In June 1991, Redrick was convicted of Possession with Intent to Distribute PCP and Possession with Intent to Distribute Marijuana in D.C. Superior Court and was sentenced to three to nine years of incarceration for the PCP charge and one year for the marijuana change, to be served concurrently. *Id.* at 16. And in January 1992, Redrick was convicted of Robbery with a Deadly Weapon in Prince George's County Circuit Court and sentenced to 15 years of incarceration. *Id.* at 15. After multiple other misdemeanor convictions and several parole releases and revocations, Redrick was ultimately released from incarceration on March 31, 2011. *Id.* at 18.

b. <u>Felon-in-Possession Prosecution</u>

On April 30, 2013, law enforcement officers executed a parole-violation arrest warrant for Redrick at his apartment in Washington, D.C. *See* Statement of Offense [Dkt. #21] at 2. In connection with the execution of the arrest warrant and a subsequently obtained search warrant, officers located a Glock semi-automatic pistol, a Glock semi-automatic handgun, ammunition, assorted drug paraphernalia, cocaine base, loose powder cocaine, and nearly $25,000 in U.S. currency in Redrick's apartment. *Id.* at 3. After waiving his *Miranda* rights, Redrick admitted to law enforcement that the contraband seized during the execution of the warrants belonged to him and, further, that he made his living selling cocaine. *Id.* Redrick was charged with unlawful possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii); unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); and using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). *See* Indictment [Dkt. #4].

On March 18, 2014, Redrick pleaded guilty to the § 922(g)(1) count and the Government thereafter dismissed the remaining two counts. *See* Mar. 18, 2014 Minute Entry; July 17, 2014 Minute Entry. In the statement of offense, which Redrick admitted and agreed to as part of his guilty plea, it stated that at the time that Redrick possessed the firearms and ammunition on April 30, 2013, "he had been convicted of a crime punishable by imprisonment for a term exceeding one year, including, but not limited to, the following: (1) Armed Robbery, in D.C. Superior Court Case No. 1983-FEL-6228; (2)

Possession with Intent to Distribute PCP, in D.C. Superior Court Case No. 1990-FEL-03027; (3) Possession with Intent to Distribute Marijuana, in D.C. Superior Court Case No. 1990-FEL-3027; (4) Robbery with a Deadly Weapon, in Maryland Case No. CT890556X; and (5) Robbery with a Deadly Weapon, in Maryland Case No. CT85-905A." Statement of Offense at 3–4.

Because Redrick was prosecuted as an armed career criminal, he was subject to a 15-year mandatory minimum sentence pursuant to 18 U.S.C. § 924(e)(1). Plea Agreement at 1. In July 2014, Redrick was sentenced to 188 months' imprisonment and 60 months of supervised release. *See* Judgment [Dkt. #34] at 2–3. On appeal, Redrick challenged the application of the Armed Career Criminal Act ("ACCA") enhancement, but his sentence was affirmed by the D.C. Circuit. *United States v. Redrick*, 841 F.3d 478, 479–80 (D.C. Cir. 2016). Redrick did not raise any challenges to the guilty plea itself on direct appeal, nor did he challenge the constitutionality or scope of § 922(g)(1).[1]

  c. Collateral Attack

On June 22, 2020, Redrick filed the instant motion to vacate his conviction under 28 U.S.C. § 2255. *See* Mot. to Vacate. In that motion, he argued that his guilty plea was involuntary, and therefore in violation of the Fifth Amendment's Due Process Clause, because he was not advised of the element of the § 922(g)(1) offense requiring knowledge of his felon status. *Id.* at 2–3. He further argued that this error in his

---

[1] In his appeal brief before the D.C. Circuit, Redrick described the scope of his appeal as follows: "In this appeal, appellant challenges his ACCA-eligibility in light of the Supreme Court's intervening decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the imposition of a sentence beyond his non-ACCA statutory maximum of 10 years." Br. for Appellant at 2, *United States v. Redrick*, No. 14-3053 (D.C. Cir. Jan. 21, 2016).

4

proceeding was structural and required that his guilty plea and conviction be vacated. *Id.* at 3–4. After the parties filed several joint motions to extend the briefing schedule, the Government filed its opposition on June 7, 2022, arguing that Redrick's claim was procedurally barred because he failed to raise it on direct review and had not established cause and prejudice to excuse his default. *See* U.S.'s Opp'n to Def.'s Mot. to Vacate J. Under 28 U.S.C. § 2255 [Dkt. #61] ("Gov't's Opp'n") at 2. Redrick filed a *pro se* reply brief on July 12, 2022. *See* Pet'r's Resp. to Gov't's Opp'n [Dkt. #66] ("Reply Br."). While the fully briefed § 2255 motion was pending, Redrick sought to supplement the motion by raising a new basis for collateral attack on his conviction. *See* Mot. to Suppl. at 1. In the Motion to Supplement, Redrick argued that in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), § 922(g)(1) is unconstitutional as applied to him and this provides another basis to vacate his conviction. *Id.* The Government did not file a response to Redrick's Motion to Supplement.

## II.  LEGAL STANDARD

A federal prisoner may move "to vacate, set aside or correct" his sentence on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, § 2255 is subject to several procedural limitations, including a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). "Section 2255 is not a substitute for a direct appeal" and in order to prevail on a § 2255 collateral

challenge, a petitioner "is obliged to show a good deal more than would be sufficient on a direct appeal from his sentence." *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992). Further, in order to raise a claim in a collateral challenge, a petitioner generally must have first raised the claim on direct review. *See Bousley v. United States*, 523 U.S. 614, 621 (1998).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted). To show "cause," the petitioner must "show that some objective factor external to the defense" prevented raising the defaulted claim on direct review, such as government interference or that the factual or legal basis for the claim was not reasonably available. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). And to show "actual prejudice," he must show that the challenged error "worked to his *actual* and substantial disadvantage, infecting his entire [proceedings] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Finally, there is a "narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Murray*, 477 U.S. at 496). These procedural requirements apply with equal force to claims regarding guilty pleas, as "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley*, 523 U.S. at 621.

### III. ANALYSIS

#### a. The Petitioner's *Rehaif* Claim Fails

Under 18 U.S.C. § 922(g)(1), "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm or ammunition. A separate provision, 18 U.S.C. § 924(a), provides for the punishment of anyone who "knowingly violates" § 922(g). In *Rehaif*, the Supreme Court clarified the *mens rea* requirement for § 922(g) offenses, holding that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status" and "therefore [the Government] must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. But to be clear, *Rehaif* does not require that the defendant knew of the criminal prohibition in § 922(g). *See United States v. Brown*, 845 F. App'x 1, 3 (D.C. Cir. 2021). Instead, with respect to the status element, "*Rehaif* requires nothing more than that the Government prove [Redrick] knew he had been convicted of a crime punishable by imprisonment of more than one year." *Id.* Finally, because *Rehaif* narrowed the scope of conduct that § 922(g) punishes, it is a "substantive" decision that applies retroactively in the habeas context. *See Bousley*, 523 U.S. at 620–21; *see also* Gov't's Opp'n at 15 (conceding that "the government does not contest defendant's § 2255 motion on grounds of cognizability, timeliness, or retroactivity").

Redrick argues that *Rehaif* voids his guilty plea because he was not advised of this knowledge-of-status element. *See* Mot. to Vacate at 2–3. However, Redrick did not challenge the validity of his guilty plea on direct review, and he therefore procedurally

7

defaulted the claim he now seeks to advance in his § 2255 motion. *See Bousley*, 523 U.S. at 621. When Redrick filed his § 2255 motion in June 2020, he argued that the *Rehaif* error was "structural" and required automatic vacatur "regardless of the strength of the prosecution's evidence and regardless of whether the error affected the ultimate outcome of the proceedings." *See* Mot. to Vacate at 3–4. However, in *Greer v. United States*, the Supreme Court squarely rejected the argument that *Rehaif* errors are structural. 593 U.S. 503, 513–14 (2021). Instead, "*Rehaif* errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" *Id.* at 514 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)). In *Greer*, the Supreme Court addressed a *Rehaif* error raised on direct appeal, rather than collateral review, and concluded that "[i]n felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* When the defendant does make such an argument, "the court must determine whether the defendant has carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different" if the defendant had been advised of the knowledge-of-status element. *Id.* The Court also observed that such a showing will be an "uphill climb" for defendants for the simple reason that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.* at 508.

*Greer* makes clear that the ordinary procedural default rules for § 2255 motions apply to *Rehaif* claims such as Redrick's. And while *Greer* dealt with a claim raised on

direct appeal, rather than collateral review, it also helps illustrate what will be required for a defendant to demonstrate "actual prejudice" resulting from a *Rehaif* error.

Turning to Redrick's claim, he has failed to show cause for his procedural default. When Redrick entered his guilty plea, no obstacle prevented his defense counsel from raising a *Rehaif*-type challenge. It is no matter that the federal courts of appeals had previously rejected similar readings of § 922(g). *See United States v. Rehaif*, 888 F.3d 1138, 1145 n.3 (11th Cir. 2018) (collecting cases). Although a petitioner may show cause when his claim "is so novel that its legal basis is not reasonably available to counsel," *Reed v. Ross*, 468 U.S. 1, 16 (1984), that exception does not apply when, as here, "the Federal Reporters were replete with cases" raising the defaulted argument, *Bousley*, 523 U.S. at 622. Accordingly, even though *Rehaif* was not decided until five years after Redrick entered his guilty plea, that does not provide cause to excuse his counsel's failure to raise the argument that ultimately prevailed in *Rehaif*.

In addition, Redrick has failed to show actual prejudice from the *Rehaif* error. To meet that standard, he would need to show that, if the Court "had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty." *Greer*, 141 S. Ct. at 508 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)); *see also United States v. Pollard*, 20 F.4th 1252, 1256 (9th Cir. 2021). Given that Redrick had at least five prior felony convictions and spent approximately two decades in and out of prison, there is no reason to believe that it would have altered Redrick's decision to plead guilty if he had been advised of the knowledge-of-status element. *See Pollard*, 20 F.4th at 1256 ("[W]e often consider a

9

defendant's criminal history to determine whether a *Rehaif* error was prejudicial."); *see also United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.").

Finally, Redrick does not make a plausible claim of actual innocence. The bar for showing actual innocence is high. To clear it, a petitioner must show "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). In his *pro se* reply brief, Redrick attempts to argue that he is actually innocent because he "was never told he could not own a firearm because he was a felon." Reply Br. at 2. But as *Brown* made clear, knowledge of the criminal prohibition on possessing a firearm as a convicted felon is not an element of the 922(g) offense. 845 F. App'x at 3. Instead, *Rehaif* simply requires that Redrick knew he had been convicted of a crime punishable by a term of imprisonment of more than one year. *See id.* And for the same reason that the *Rehaif* error was not prejudicial, it follows that Redrick cannot establish actual innocence.

Redrick's *Rehaif* claim therefore fails on the basis of procedural default.

    b. The Petitioner's *Bruen* Claim Is Untimely

In a two-page *pro se* Motion to Supplement, Redrick now also argues that § 922(g)(1) is unconstitutional as applied to him following the Supreme Court's decision in *Bruen*, in which the Court provided a new framework for analyzing Second Amendment challenges. *See Bruen*, 597 U.S. at 17. Under *Bruen*, if the Second Amendment's plain text covers an individual's conduct, the Government "must demonstrate that the

regulation is consistent with this Nation's historical tradition of firearm regulation" and "[o]nly if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n.10 (1961)). Redrick's asserted claim under *Bruen* is not particularly clear, but his *pro se* submission must be construed liberally. *See United States v. Smith*, 136 F. Supp. 3d 4, 7 n.1 (D.D.C. 2015). Applying this principle, Redrick's argument appears to be that there is no historical tradition of disarming felons unless they are determined to be dangerous to the public, and § 922(g)(1)'s blanket prohibition on firearm possession by convicted felons therefore violates the Second Amendment as applied to him. *See* Mot. to Suppl. at 2. He argues that his criminal history is classified as non-violent by the Bureau of Prisons ("BOP") and "[s]ince the government has never attempted to prove otherwise he is non-violent and thus not a risk to the public" and cannot be banned from possessing a firearm. *Id.* Notably, he does not acknowledge that his criminal history includes multiple convictions for armed robbery and rests his entire argument on the classification of his criminal history assigned by the BOP. *Id.*

Setting aside the questionable merits of this argument, it is time-barred. In order to be timely, a § 2255 motion must be filed within one year of the latest of several dates, including, as relevant here, the date on which the Supreme Court newly recognizes a right and makes it retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). Although Redrick's original § 2255 motion was timely based on *Rehaif*, the one-year statute of limitations set by *Rehaif* expired in June 2020. *See* 139 S. Ct. 2191.

"When a petitioner files a timely § 2255 motion, and then later files an untimely amended or supplemental motion that raises additional claims, the untimely claims are barred by the statute of limitations unless they 'relate back' to the original motion under Federal Rule of Civil Procedure 15(c)." *Espinosa v. United States*, 330 F. App'x 889, 891 (11th Cir. 2009); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005). "Under [Rule 15(c)], an amendment which, by way of additional facts, clarifies or amplifies a claim or theory in the petition may, in the District Court's discretion, relate back to the date of that petition if and only if the petition was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000). Conversely, an amendment under Rule 15(c) should not be allowed where the movant seeks to add an entirely new claim or new theory of relief, as such an amendment would not relate back to the original filing date. *Id.* at 436; *see also Mayle*, 545 U.S. at 650. Because *Bruen* is a new theory of relief and Redrick did not raise the claim until after the one-year statute of limitations expired, Redrick is not entitled to amend his § 2255 motion to add a claim under *Bruen*.[2] The Court will therefore deny the Motion to Supplement as barred by the statute of limitations in § 2255(f).

---

[2] Several district courts have considered and rejected the notion that *Bruen* recognized any new Second Amendment right in the context of criminality which would trigger a new one-year statute of limitations pursuant to § 2255(f)(3). *See, e.g., United States v. Hackworth*, No 8:19-cr-275, 2023 WL 6587977, at *2 (D. Neb. Oct. 10, 2023); *Barragan-Gutierrez v. United States*, 668 F. Supp. 3d 1231, 1233–35 (D. Wyo. 2023). Further, if Redrick attempted to rely on *Bruen* for this purpose, it would convert his Motion to Supplement into a second or successive habeas petition rather than an amendment to his original petition. *See* 28 U.S.C. § 2255(h) (requiring certification by the court of appeals to authorize a second or successive habeas petition). And finally, Redrick's Motion to Supplement was filed in August 2023, more than one year after *Bruen* was decided in June 2022.

c.  No Evidentiary Hearing Is Required

After careful consideration of "the motion and the files and records of [this] case," the Court concludes that no evidentiary hearing is necessary. 28 U.S.C. § 2255(b). The only factual dispute at issue is whether Redrick knew his felon status at the time of his offense. But considering the Supreme Court's guidance in *Greer* and the substantial evidence that Redrick knew his felon status—based on his numerous prior qualifying convictions and the length of time that he spent in prison—an evidentiary hearing on that issue would not change the Court's analysis. Accordingly, because the papers and record "conclusively show that [Redrick] is entitled to no relief," 28 U.S.C. § 2255(b), the Court will deny Redrick's motion without an evidentiary hearing.

d.  The Court Will Not Issue a Certificate of Appealability

When a district court enters a final order resolving a petition under 28 U.S.C. § 2255 that is adverse to the petitioner, it must either issue or deny a certificate of appealability. *See* Rules Governing Section 2255 Proceedings for the U.S. District Cts., Rule 11(a). By statute, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, the Court concludes that Redrick has not made such a showing in this case and therefore the Court will not issue a certificate of appealability. If Redrick intends to file an appeal, he must seek a certificate of appealability from the United States Court of Appeals for the District of Columbia Circuit in accordance with Federal Rule of Appellate Procedure 22(b).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate Judgment Under 28 U.S.C. § 2255 and Motion to Supplement are DENIED. An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge